Sprague v. Heaps.

---

ELISHA C. SPRAGUE

v.

WILLIAM T. HEAPS.

CONTINUANCE—SUFFICIENCY OF AFFIDAVIT.—Where an affidavit disclosed what the affiant expected to prove by the absent witness; that he knew of no other witness by whom the same facts could be proved; that the witness, unknown to affiant, had recently removed to California, and that immediately upon learning of such removal, affiant had made diligent search to learn his whereabouts, and that he expected to be able to obtain the deposition of

such witness before another term of the court, it was error to refuse a continuance of the cause.

ERROR to the Circuit Court of Cook county; the Hon. Joseph E. GARY, Judge, presiding. Opinion filed November 8, 1880.

This was an action of assumpsit, brought by the defendant in error against the plaintiff in error, to recover for materials and labor in putting on a white coat with hard finish on a building of the plaintiff, under a special contract between the parties, by the terms of which the material was to be of the best quality, and the work was to be done in a good, skillful and workmanlike manner, for which plaintiff in error was to pay defendant in error, the sum of nine hundred dollars. The declaration also contained a second count, claiming the further sum of three hundred and forty-five dollars, which it is alleged the plaintiff in error promised to pay defendant in error for other and extra materials and labor. There was also a claim for interest of $54.41 on the above sums. Plea, non-assumpsit and affidavit of merits.

Before the case was called for trial, the plaintiff in error moved the court for a continuance, and filed his affidavit in support thereof, which motion was overruled by the court, and plaintiff in error excepted.

There was a jury trial, resulting in a verdict for defendant in error for $1,406.41, on which he had judgment.

The errors assigned question the decision of the court in overruling the motion for a continuance.

Mr. J. W. BENNETT, for plaintiff in error; that a continuance should have been granted, cited Rev. Stat. 1880, Chap. 110, §43; Cole v. Choteau, 18 Ill. 439; Wick v. Webber, 64 Ill. 167; Shirwin v. The People, 69 Ill. 55; Lockhart v. Wolf, 82 Ill. 37; Waugh v. Suter, 3 Bradwell, 271; Switzer v. Lottenville, 4 Bradwell, 219.

WILSON, J. We think the court erred in denying the motion

Sprague v. Heaps.

for a continuance. The motion was based on the absence of two witnesses—Lewis Blenis and James Bryce. The affidavit sufficiently discloses the materiality of their testimony, and states that the defendant knows of no other witnesses by whom he can prove the facts stated. It then sets forth, in substance, that said Blenis & Bryce were and continued to be residents of Chicago until sometime during the latter part of the fall of 1875; that before affiant heard of the fact, said witnesses had removed to the State of California; that as soon as he learned the same he made diligent inquiries to learn their place of residence, that he might cause their depositions to be taken; that upon learning their first destination was San Francisco, he immediately addressed letters to them at that city, but has not received any answer; that he has continued to make frequent and diligent inquiries up to the present time of their friends to ascertain their residence, and has just learned that said Blenis is in business in the country near San Francisco, and is in the city every few weeks, and that affiant has ascertained that his actual residence can be obtained by requesting the post office department there to retain letters addressed to him in that office; that this is the first application he has made for a continuance, and that he believes he will be able to obtain the testimony of said witnesses by the next term of the court, and that he is advised by his counsel, to whom he has fully stated his case, that it will not be safe for him to go to trial without the evidence of said witnesses.

While the affidavit is not, in some respects, as specific as might be necessary to justify a second continuance, we think it was sufficient to have required the court to grant a first application.

The defense, as disclosed by the affidavit, was highly meritorious, and for the purposes of the motion the affidavit is to be taken as true.

For the error of the court in overruling the motion for a continuance, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.